(54 Misc. 241)

## MEEHAN v. HOGAN et al.

### (Supreme Court, Appellate Term.   May 16, 1907.)

**1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.**

Where, in an action for injury to an employé by bricks, laid the day before in a wall, giving way when he placed his foot thereon while laying a wall on the top of the bricks, the evidence on the questions whether the manner of laying the bricks was unsafe and unusual and whether the employé was guilty of contributory negligence, was conflicting, the questions were for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1016, 1089–1132.]

**2. SAME.**

Where, in an action for injury to an employé by bricks, laid the day before in a wall, giving way when he placed his foot thereon while laying a wall on top of the bricks, there was some evidence that the manner of laying the bricks was unusual, the question whether the place was safe or not was for the jury.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Lawrence Meehan against Daniel Hogan and another. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

See 100 N. Y. Supp. 1008.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

P. Henry Delehanty (Sumner B. Stiles, of counsel), for appellant. Frank A. Acer, for respondents.

BRADY, J.   Plaintiff was a bricklayer in the employ of defendants, and seeks to hold them liable, under the employer's liability act, on the ground that they had not provided a safe place for the employé to work in.   The plaintiff was a bricklayer of 30 years' experience, and was, on the day of the accident, working on a scaffold on a building in course of erection by the defendants.   The foundation wall had been built up to the first story, and upon the wall thus built the iron floor beams of the first story had been laid, running at right angles to the wall, and, in addition, three courses of brick had been laid upon the wall above the level of the under side of the iron beams, and between them, thus bringing the wall up to the level of the top of the beams.   The brick work up to this stage at the place where the accident occurred had been performed by other mechanics, and the three courses had been laid the day previous, and the plaintiff was about to work at laying brick in constructing the wall above the level of the beams.   The scaffold was erected inside the building and close against the wall.   The plaintiff testified that he was helping the defendants to lay out an eight-inch wall on top of these three courses of brick, and was running one course of brick along, and that when he placed his foot upon the wall it gave way, and he fell into the cellar, receiving the injuries of which he complains.   He testified

that the three courses of brick had been laid the day before, and that good cement mortar dries in an hour, and that material had been piled upon the scaffold ready for the mechanics to work with, and that, although it was not absolutely necessary, it was nevertheless usual, for bricklayers under such circumstances to place one foot upon the wall.

The evidence shows that the three courses of brick had been all laid parallel to the wall and are technically called "stretchers," and it was contended that this was an improper and unsafe manner of construction. As matter of law, if the manner of construction was unsafe and unusual, the same being under the superintendence of the defendants, liability would attach to them; and whether the manner was or was not unsafe and unusual was a question of fact for the jury. The question, also, as to whether the plaintiff was guilty of contributory negligence in using the wall at the time as a foothold was a question of fact, and, as the evidence on both these points was contradictory, it was for the jury to determine the issue.

It only remains, therefore, to inquire whether the learned trial justice committed reversible error in his charge to the jury. No exception was taken to the charge itself, but various requests to charge were made by the defendants' attorney and granted by the court, and exception thereto taken by the plaintiff. The defendants' counsel made the following request:

"I ask your honor to charge the jury that there was no evidence in the case that the defendants failed to provide the plaintiff with safe machinery, platform, or a safe place to work."

And the court thereupon so charged. There was such evidence; and whether the place was safe or not, owing to the manner of the construction of the wall, not as affected by the workmanship of the mechanic, but as to the structural manner of laying the courses of brick, was a question of fact, which was within the province of the jury to determine for itself. The charge as requested constituted reversible error.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.